**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | | |
|---|---|---|
| David Lloyd, | ) | Civil Action No. 7:12-cv-01015-TMC |
| | ) | |
| Plaintiff, | ) | **AMENDED COMPLAINT** |
| | ) | |
| v. | ) | |
| | ) | |
| Metropolitan Life Insurance | ) | |
| Company d/b/a MetLife, | ) | |
| | ) | **(JURY TRIAL DEMANDED)** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, David Lloyd (hereinafter "Lloyd" or "Plaintiff"), complaining of Defendant, Metropolitan Life Insurance Company d/b/a MetLife, will respectfully allege and show unto this Court as follows:

1.     Plaintiff is a citizen and resident of Spartanburg County, South Carolina.

2.     Defendant Metropolitan Life Insurance Company d/b/a MetLife (hereinafter "MetLife") is a corporation organized and existing under the laws of one of the states of the United States of America other than the State of South Carolina. MetLife actively conducts business in Spartanburg County, South Carolina.

3.     At all times relevant to the causes of action set forth in this Complaint, Plaintiff was an employee of MetLife and/or a subsidiary of MetLife.

4.     This lawsuit concerns a life insurance claim made by Plaintiff concerning the death of Plaintiff's late spouse, Trina Dianne Payne, under MetLife group policy 0005050 (hereinafter "subject policy") issued to Defendant employer MetLife (Claim No.: 21103001226).

1

5. Plaintiff maintained life insurance on the life of the late Trina Payne in the amount of One Hundred Thousand Dollars ($100,000) under subject policy as of the date of Trina Payne's death (July 6, 2010).

6. Plaintiff timely made a claim under subject policy regarding the life insurance Plaintiff maintained under subject policy on the life of Trina Payne within one month of the date of death of Trina Payne.

7. MetLife has wrongfully denied Plaintiff's claim for life insurance benefits made under subject policy regarding the death of Trina Payne.

8. MetLife has no proper basis for denying Plaintiff's claim for life insurance benefits regarding the claim Plaintiff made under subject policy concerning the death of the late Trina Payne (hereinafter "subject claim").

9. Plaintiff is informed and believes that subject policy is an employer-sponsored group life insurance policy which is part of a qualified plan under the terms of the Employee Retirement Income Security Act (ERISA).

**FIRST CAUSE OF ACTION**
**(ERISA CLAIM 29 U.S.C.A. § 1001)**

10. Plaintiff reiterates and realleges the above paragraphs as though set forth herein verbatim.

11. Plaintiff has made a valid claim for benefits under subject policy and Plaintiff is entitled to One Hundred Thousand Dollars ($100,000) in life insurance benefits which insured the life of the late Trina Payne as of the date of her death plus prejudgment interest, costs and attorney fees incurred in this litigation.

12. On June 28, 2006, Lloyd was married to the late Trina Payne. On or about July 14, 2006, Lloyd telephoned Defendant's group insurance company for the purpose

2

of having life insurance coverage for his wife Trina Payne added to subject policy. A representative of MetLife spoke with Lloyd, Lloyd provided said MetLife representative with the date of his marriage and the representative informed Lloyd that Trina Payne was covered from that point forward for dependent life insurance coverage under subject policy.

13. On or about the end of 2007 or the beginning of 2008, Lloyd requested that the MetLife dependent group coverage insuring the life of Trina Payne under subject policy be increased to One Hundred Thousand Dollars ($100,000). In response to the increased coverage request, MetLife sent a letter to Trina Payne requesting that additional medical questions be answered, and Trina Payne provided answers to MetLife's questions and mailed said form back to MetLife in the enclosed return envelope which was provided with the letter from MetLife in a timely manner. Following Lloyd's request to increase Trina Payne's life insurance coverage under subject policy and after Trina Payne mailed the MetLife medical questionnaire back to MetLife, Lloyd's payroll deduction for insurance coverage increased.

14. Subject policy sets forth that a "spouse" is eligible for dependent life insurance coverage at levels up to One Hundred Thousand Dollars ($100,000).

15. Subject policy provides that "Dependent Life Insurance coverage ends":

    a. For a spouse or dependent child, on the day that person no longer qualifies as an eligible dependent;

    b. For all eligible Dependents, in the event of your termination of employment with MetLife or your death;

      c. For your spouse or children, when you choose the no coverage option for either or both; or

      d. For all Eligible Dependents, when you have a Termination of Employment with eligibility for MetLife Choices unless you meet the "Rule of 60."

16. On the date of Trina Payne's death, she was the spouse of Lloyd. A spouse is defined under subject policy as eligible for dependent life coverage.

17. As of the date of Trina Payne's death, no events covered under the "Dependent Life Insurance coverage ends" section of subject policy had occurred.

18. Upon contacting the human resources department at MetLife to seek the death benefit owed under subject policy based on the death of Trina Payne, Lloyd was originally informed by MetLife that Trina Payne was covered under subject policy for One Hundred Thousand Dollars ($100,000). However, upon contacting a different office at MetLife, Plaintiff was told that Trina Payne was never covered under subject policy and MetLife refused to provide the death benefit owed to Plaintiff.

19. Therefore, Plaintiff has a valid claim for benefits under subject policy in the amount of One Hundred Thousand Dollars ($100,000) plus prejudgment interest, costs and attorney's fees regarding Plaintiff's claim concerning the death of the late Trina Payne at issue in this litigation.

20. Plaintiff seeks recovery of all policy benefits that Plaintiff is entitled to regarding subject claim along with reasonable attorneys' fees and litigation costs incurred in this lawsuit pursuant to §502(a) of ERISA.

21.     Plaintiff also seeks recovery of prejudgment interest on the amount of benefits currently due and owing to Plaintiff from Defendant from the date that the claim was properly due and payable to Plaintiff through the date that the claim is paid by Defendant.

## SECOND CAUSE OF ACTION
### (ERISA Violation of 29 U.S.C.A. § 1132 (a)(1)(B))

22.     The preceding allegations in this Complaint are incorporated by reference herein as fully as if restated verbatim.

23.     Plaintiff was a participant and beneficiary of subject policy issued under MetLife's Group Benefits Plan.

24.     Trina Payne's life was properly insured under subject policy, and Plaintiff is the beneficiary.

25.     At the time of Trina Payne's death, premiums were paid on the life insurance policy and the policy was fully paid and active.

26.     Upon filing the claim with MetLife, weeks after Trina Payne's death, MetLife wrongfully denied Plaintiff's claim and continues to refuse to pay the death benefit.

27.     Defendant has violated the terms of subject policy and Plaintiff brings this cause of action under 29 U.S.C.A. § 1332 (a)(1)(B) to recover the death benefit wrongfully denied by Defendant.

28.     Plaintiff further requests costs and attorney fees be paid by Defendant based on 29 U.S.C.A. § 1332 (g)(1).

## THIRD CAUSE OF ACTION
### (Breach of Fiduciary Duty; ERISA Violation of 29 U.S.C.A. § 1132 (a)(3))

29. The preceding allegations in this Complaint are incorporated by reference herein as fully as if restated verbatim.

30. Defendant breached its fiduciary duties owed to Plaintiff by not following the plan document(s) as defined by 28 U.S.C.A. § 1104 (a)(1)(D).

31. Defendant breached its fiduciary duties owed to Plaintiff by not acting with the care, skill, prudence and diligence that a prudent man in similar circumstances would have acted. 29 U.S.C.A. §1104 (a)(1)(B).

32. Defendant has breached its fiduciary duty owed to Plaintiff by not properly informing Plaintiff that MetLife received all required and/or requested forms, statements, and/or other documents from Plaintiff requesting dependent life coverage for a qualifying spouse in the amount of $100,000 and then failing to contact Plaintiff or inform Plaintiff that the dependent life coverage that Plaintiff requested was not properly issued to cover the life of Trina Payne.

33. Defendant, under the equitable powers of the Court and defined in the statute(s), is liable for all damages alleged for return of premiums and all consequential damages incurred due to Defendant's wrongful refusal to pay the death benefit at issue.

34. Defendant is required to pay all costs and attorney fees of Plaintiff associated with this litigation as defined under 29 U.S.C.A. § 1132 (g)(1).

### FOURTH CAUSE OF ACTION
**(Reformation)**

35. The preceding allegations in this Complaint are incorporated by reference herein as fully as if restated verbatim.

36. Based on 29 U.S.C.A. § 1332 (a)(3)(B), which allows a claim for "other appropriate equitable relief," the MetLife Group Benefits Life Insurance Plan, purchased

6

by Plaintiff, should be reformed to conform to representation(s) made by MetLife that Plaintiff had life insurance coverage on the life of Trina Payne in the amount of $100,000 under subject policy.

37. Defendant informed Plaintiff that Trina Payne was covered under subject policy. Plaintiff requested and received an increase in coverage under subject policy to One Hundred Thousand Dollars ($100,000) covering the life of Trina Payne. Trina Payne filled out all required MetLife forms to increase the coverage and returned said forms to MetLife. MetLife never contacted Trina Payne or Plaintiff to request additional documents and MetLife never denied Plaintiffs request for coverage.

38. Further, Defendant misrepresented to Plaintiff subject policy's coverage terms which Plaintiff detrimentally relied upon justifiably believing Defendant's representation(s) that subject policy provided coverage covering the life of Trina Payne in the amount of $100,000.

39. Subject policy should be reformed to represent the representations made by Defendant to Plaintiff.

40. Plaintiff is entitled to the life insurance benefit provided under subject policy in the amount of $100,000, costs, reasonable attorney fees and such other equitable relief deemed appropriate by the court.

### FOR A FIFTH CAUSE OF ACTION
**(Equitable Estoppel)**

41. The preceding allegations in this Complaint are incorporated by reference herein as fully as if restated verbatim.

42. Based on 29 U.S.C.A. § 1332 (a)(3)(B), which allows a claim for "other appropriate equitable relief," Defendant should be estopped from denying subject claim.

7

43. A MetLife representative allowed Plaintiff, upon MetLife receiving knowledge of Plaintiff's marriage to Trina Payne, to purchase group life coverage on the life of Trina Payne, without informing Plaintiff that anything further needed to be done to add his spouse to subject policy. Specifically, MetLife informed Plaintiff that he was not required to fill out additional documents in order to add his spouse to subject policy and that Trina Payne was added to subject policy based on the telephone call made by Plaintiff to MetLife. This act by MetLife was a false representation and concealment of a known material fact if MetLife's claim that there is no coverage available to Plaintiff for subject claim is correct.

44. MetLife verified that Trina Payne was covered under subject policy in a telephone conversation with Plaintiff.

45. Defendant had knowledge of the true facts, based on the plan documents and/or procedure documents in the possession of MetLife, that Plaintiff needed to submit additional documents in order to secure coverage on Trina Payne's life and/or in order to increase coverage on the life of Trina Payne to One Hundred Thousand Dollars ($100,000).

46. Plaintiff was not provided with documents or correspondence from MetLife which would inform Plaintiff that he was required to provide MetLife with additional documentation in order to insure Trina Payne under subject policy and/or to increase the death benefit as MetLife is now claiming.

47. Plaintiff justifiably relied on MetLife's representations.

48. Plaintiff's reliance was detrimental, as Plaintiff was not aware that he needed to obtain life insurance coverage through another insurer in order to provide him coverage for his wife's life.

49. Defendant should be estopped from denying subject claim; thus, equitable relief in the amount of the policy death benefit ($100,000), costs, reasonable attorney fees and all other equitable relief the Court deems just and appropriate should be awarded to Plaintiff.

### FOR A SIXTH CAUSE OF ACTION
### (Unjust Enrichment & Restitution)

50. The preceding allegations in this Complaint are incorporated by reference herein as fully as if restated verbatim.

51. Based on 29 U.S.C.A. § 1332 (a)(3)(B), which allows a claim for "other appropriate equitable relief," Plaintiff is entitled to restitution due to the unjust enrichment of Defendant.

52. Defendant was unjustly enriched in the amount of all premiums paid by Plaintiff to Defendant, during the time period that Plaintiff paid premiums to provide coverage for Trina Payne's life under subject policy.

53. Said premium payments were authorized by Defendant to provide coverage which MetLife claims did not exist, whereby providing an unjust benefit on the Defendant.

54. It would be inequitable for Defendant to retain the premium payments received from Plaintiff without returning the unearned value to Plaintiff.

55.    Plaintiff is entitled to restitution in the amount of all premium payments paid, costs, reasonable attorney fees and all other equitable relief deemed just and appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having fully complained of Defendant herein, prays that he have and recover a judgment of actual, consequential, statutory and punitive damages against Defendant, for equitable relief against Defendant outlined hereinabove, for all costs and fees incurred as a result of this action, including pre-judgment interest and reasonable attorney fees pursuant to ERISA law(s) outlined hereinabove and other ERISA law(s), together with such other and further relief as the Court deems just and proper.

THE WARD LAW FIRM, P.A.
Attorneys for Plaintiff, David Lloyd

s/John E. Rogers, II
John E. Rogers, II (Fed. ID: 10,014)
C. Reed Teague
P.O. Box 5663
Spartanburg, SC 29304
864-591-2366
864-585-3090 Fax
Email: jrogers@wardlawfirm.com

May 7, 2012

10